## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

GREGORY LAMAR PLAIR,     )
                               )
     Movant,             )
                               )
v.                         )       CV422-279
                               )       CR417-050-1
UNITED STATES OF        )
AMERICA,               )
                               )
     Respondent.     )

## <u>REPORT AND RECOMMENDATION</u>

Gregory Lamar Plair moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  CR417-050, doc. 334.[1]  The Court directed the Government to respond to the Motion.  Doc. 335.  The Government has responded, conceding that Plair is entitled to relief on the single ground asserted.  *See generally* doc. 343.  As explained more fully below, therefore, Plair's Motion should be **GRANTED**.  Doc. 334. Movant should be appointed counsel for the purposes of re-sentencing, and civil action CV422-279 should be **CLOSED**.

---

[1] The Court cites to the criminal docket in CR417-050 unless otherwise noted.

On August 14, 2018, Plair was sentenced on one count of interference with interstate commerce by robbery (Hobbs Act Robbery), one count of interference with interstate commerce by attempted robbery (attempted Hobbs Act Robbery), and one count of brandishing a firearm during and in relation to a crime of violence. *See* doc. 232 at 1. He was sentenced to ninety-six months of imprisonment, comprised of two twelve-month terms on the robbery counts, to be served concurrently, and a consecutive mandatory eighty-four-month term on the firearm count. *Id.* at 2. He was also sentenced to a five-year term of supervised release. *Id.* at 3. His Motion asserts, as the sole ground for relief, that his conviction for the firearms charge is invalid because the Supreme Court has determined that "an attempted Hobbs Act [R]obbery is not a crime of violence." Doc. 334 at 4.

The Government's response to his Motion succinctly concedes "Plair's conviction on Count 6[, *i.e.*, brandishing a firearm] is invalid." Doc. 343 at 2. It explains that the Supreme Court held, in *United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery is not a crime of violence under the relevant statutory definition. Doc. 343 at 2-3 (citing 142 S. Ct. at 2022). Plair's conviction on the

firearm count was predicated upon his attempted Hobbs Act Robbery. *Id.* at 3. "Because Plair pleaded guilty to violating section 924(c) during an underlying crime that does not qualify as a 'crime of violence,' his conviction on Count 6 is invalid." *Id.*

The Government notes that Plair's claim may be procedurally defaulted, but it expressly waives any procedural-default defense. *Id.* at 3 (citing *Bryant v. FCC Coleman-Medium*, 738 F.3d 1253, 1261 (11th Cir. 2013)). Finally, Plair asserts, and the Government does not dispute, that his Motion is timely, pursuant to 28 U.S.C. § 2255(f)(3). *See* doc. 334 at 11; *see generally* doc. 343. The Eleventh Circuit has recognized that "[t]he statute of limitations is an affirmative defense that the government waives if it fails to raise it in its response . . . ." *Rogers v. United States*, 569 F. App'x 819, 820-21 (11th Cir. 2014).[2] Accordingly, the

---

[2] The Court may, in some circumstances, raise a statute-of-limitations issue *sua sponte*. *Rogers*, 569 F. App'x at 821. The Government's response shows that it is explicitly aware of the chronology of Plair's case and has declined to assert any such defense. *See* doc. 343 at 4 (noting "Plair has been in custody since January 30, 2017," and "respectfully suggest[ing] that the Court expedite its consideration of Plair's motion . . . and any resentencing proceeding."). Given the circumstances identified by the Government, the Court should decline to consider the issue *sua sponte* and find that the Government has made "an intelligent waiver of the statute of limitations defense." *Rogers*, 569 F. App'x at 821. Courts have also recognized that, when the Government waives such defenses, the Court need not consider the substantive prerequisites to invoke § 2255(f)(3). *See, e.g., Brascomb v. United States*, 2015 WL 7300512, at *2 (M.D. Ala. Nov. 18, 2015) ("[A] . . . waiver of the limitations defense

Government's response waives any procedural-default or statute-of-limitations defenses to Plair's Motion.

Accordingly, Plair's § 2255 Motion should be **GRANTED**. Doc. 334. If the Court adopts this recommendation, Movant should be appointed counsel for the purpose of re-sentencing and civil action CV422-279 should be **CLOSED**. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

---

under § 2255(f)(3) removes, not only the issue of timeliness from the court's consideration, but also the issue of whether [the] Supreme Court's decision applies retroactively."). If the Court has misconstrued the Government's intent, the fourteen-day objections period provides it an opportunity to clarify.

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of February, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA